## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT L. BRITTON,
  Appellant,

v.

OFFICE OF PERSONNEL
  MANAGEMENT,
  Agency,

and

MARIA L. BRITTON,
  Intervenor.

DOCKET NUMBER
AT-831M-21-0233-B-1

DATE: March 4, 2026

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert L. Britton, Lady Lake, Florida, pro se.

Michael Shipley and Jo Antonette Bell, Washington, D.C., for the agency.

Maria L. Britton, Summerfield, Florida, pro se.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## FINAL ORDER

The appellant has filed a petition for review of the remand initial decision, which affirmed the reconsideration decision by the Office of Personnel Management (OPM) finding that he had been overpaid $12,736.00 in retirement annuity benefits. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the initial decision's finding that OPM overpaid the appellant $12,736.00 in retirement annuity benefits, but REVERSE the initial decision's finding that the appellant is not entitled to a waiver of the collection of the overpayment.

## BACKGROUND

The appellant is a former Federal employee who retired under the Civil Service Retirement System (CSRS) in January 1995. *Britton v. Office of Personnel Management*, MSPB Docket No. AT-831M-21-0233-B-1, Remand File (RF), Tab 5 at 150. At the time of his retirement, the appellant elected a reduced annuity with maximum survivor annuity for his then-wife. *Id.* Subsequently, the appellant and his former wife divorced, and on May 12, 2015, a Final Dissolution of Marriage was entered by a Florida circuit court dividing the parties' assets. *Id.* at 46-58. The divorce decree required the appellant to continue his reduced annuity with maximum survivor annuity, with his former wife as the beneficiary. *Id.* at 50-51. However, shortly thereafter, the appellant's former wife filed a motion to reconsider and/or vacate the divorce decree, and, on July 6, 2015, the court entered an order amending the divorce decree, which, among other things, granted the former wife's "request to terminate her survivor benefit in exchange for the [appellant's] payment of $258.00 per month directly to the [f]ormer [w]ife." *Id.* at 59, 63.

Consequently, the appellant began directly paying his former wife $258.00 per month and submitted a copy of the amended divorce decree to OPM, requesting that OPM terminate his election of a survivor annuity consistent with

the order. *Id.* at 18-20. OPM granted the appellant's request, and thus, the appellant began receiving a higher monthly annuity.[2] *Id.* at 20. However, on February 27, 2019, OPM issued an amended determination letter, advising the appellant that it should not have honored the amended divorce decree because it was a modification prohibited by statute, and that, as a result, he had been overpaid and his annuity would be reduced to recover the overpayment. *Id.* at 20-21. The appellant requested reconsideration of the amended determination, and on March 9, 2020, OPM issued a decision affirming the finding of overpayment, but rescinding the previous decision because it had erred in its calculation of the amount of overpayment. *Id.* at 9-11. Subsequently, OPM issued a January 10, 2021 amended award letter advising the appellant that, because it had improperly eliminated deductions from his annuity consistent with his election of a survivor annuity, he had received an overpayment of $12,736.00 in annuity benefits, which OPM would recover in 254 monthly installments of $50.00 with a final installment of $36.00. *Britton v. Office of Personnel Management*, MSPB Docket No. AT-831M-21-0233-I-1, Initial Appeal File (IAF), Tab 13 at 5-6.

The appellant filed a Board appeal challenging OPM's January 10, 2021 decision, and during the pendency of that appeal, the parties entered into a negotiated settlement agreement in which OPM allowed the appellant to pay a total of $12,736.00 in 254 monthly installments of $50.00, with a final

---

[2] The appellant's former wife was also entitled to 50% of his CSRS plan accrued from the date of marriage to his retirement, i.e., December 28, 1990, to January 2, 1995. RF, Tab 5 at 62. Therefore, the appellant paid his former wife an additional $191.00 per month to account for her share of his CSRS plan. *Id.* at 18-19. However, in its amended determination letter, dated February 27, 2019, OPM advised the appellant that the appropriate apportionment share was, in fact, $178.18. *Id.* at 20. Nevertheless, while it appears that the appellant overpaid his former wife for her share of his retirement plan, because OPM was not involved in the collection or distribution of this payment, such issue is not before the Board. *See Morin v. Office of Personnel Management*, 107 M.S.P.R. 534, ¶ 8 (2007) (finding that the Board has jurisdiction over OPM determinations affecting the appellant's rights or interests under CSRS), *aff'd*, 287 F. App'x. 864 (Fed. Cir. 2008).

installment of $36.00, in exchange for the appellant withdrawing his appeal and waiving his right to request a waiver of overpayment. IAF, Tab 16 at 4. The administrative judge dismissed the appeal as settled, and the appellant filed a petition for review. *Britton v. Office of Personnel Management*, MSPB Docket No. AT-831M-21-0233-I-1, Petition for Review File, Tab 1. Subsequently, the Board issued a remand order vacating the initial decision, finding that the parties' settlement agreement lacked consideration and thus, was unenforceable. *Britton v. Office of Personnel Management*, MSPB Docket No. AT-831M-21-0233-I-1, Remand Order at 2, 4-5 (Apr. 2, 2024). Accordingly, the Board remanded the appeal to the regional office for further adjudication. *Id.* at 2, 5.

After the appellant withdrew his hearing request, the administrative judge issued a remand initial decision affirming OPM's reconsideration decision. RF, Tab 13, Remand Initial Decision (RID). Specifically, the administrative judge found that the agency proved that overpayment existed because, per the plain language of its governing regulations, OPM should not have honored the amended divorce decree eliminating the appellant's election of a survivor annuity. RID at 4-5. He also found that OPM proved the amount of overpayment, i.e., $12,736.00, noting that the appellant did not dispute the calculation. RID at 5. Next, the administrative judge found that the appellant was not entitled to a waiver of overpayment because he was not without fault for the creation of the overpayment because he had submitted the amended divorce decree. RID at 5-6. Finally, finding that the appellant presented no evidence that OPM's collection schedule would impose a financial hardship, the administrative judge concluded that the appellant did not prove that the overpayment should be waived or modified. RID at 6.

The appellant has filed a petition for review arguing that the overpayment debt is OPM's fault, reiterating that he directly paid his former wife $258.00 per month, and claiming that recovery of overpayment would result in extreme financial hardship. *Britton v. Office of Personnel Management*, MSPB Docket

No. AT-831M-21-0233-B-1, Remand Petition for Review (RPFR) File, Tab 1 at 4-6. The agency filed a response to the appellant's petition for review. RPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Per 5 U.S.C. § 8341(h)(4), a modification of a divorce decree or court-approved property settlement is not effective if it is made after the employee's retirement or death and involves an annuity. *Warren v. Office of Personnel Management*, 407 F.3d 1309, 1315 (Fed. Cir. 2005). Under OPM's regulations, for purposes of eliminating a former spouse survivor annuity, a court order must be issued on a day prior to the date of retirement or death of the employee or be the first court order dividing marital property. 5 C.F.R. § 838.806(b). A court order that fails to meet either of these requirements is not acceptable for processing by OPM. 5 C.F.R. § 838.806(a); *see Walley v. Office of Personnel Management*, 114 M.S.P.R. 198, ¶ 9 (2010). The U.S. Court of Appeals for the Federal Circuit and the Board have accepted OPM's interpretation of the statute and have held that a subsequent state court order purporting to modify the original division of marital property in a divorce will not qualify as an acceptable court order eliminating a survivor annuity. *See Warren*, 407 F.3d at 1316; *Walley*, 114 M.S.P.R. 198, ¶ 9.

In this case, it is undisputed that the amended divorce decree eliminating the appellant's election of a survivor annuity is a state court order modifying the original division of marital property in a divorce. RF, Tab 5 at 59, 63, 150. Accordingly, pursuant to the well-established interpretation of the applicable statute and regulations, the amended divorce decree does not qualify as an acceptable court order. However, because OPM erroneously accepted the amended divorce decree and modified the appellant's election of a survivor annuity, it overpaid the appellant. Therefore, we discern no basis to disturb the administrative judge's finding that OPM proved that it overpaid the appellant by

$12,736.00.  RID at 4-5; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (explaining that the Board will not disturb an administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant does not dispute either that an overpayment occurred or the amount of overpayment.  Accordingly, we focus on the issue in dispute, namely, whether the appellant established that he is entitled to a waiver of recovery of the overpayment.  To establish entitlement to a waiver of an annuity overpayment, an appellant must show by substantial evidence that (1) he is without fault in connection with the overpayment; and (2) recovery of the overpayment would be against equity and good conscience.  5 U.S.C. § 8346(b).  As explained in detail below, we find that the appellant is without fault in connection with the overpayment and recovery would be unconscionable considering the circumstances.  Thus, we find that the appellant has proven that he is entitled to a waiver of the recovery of the overpayment.

The appellant is without fault in connection with the overpayment.

The administrative judge found that, although the appellant did not know that the amended divorce decree could not direct the modification of his election of a survivor annuity consistent with the first court order, he still bore "some responsibility" for the creation of the overpayment debt because he submitted the amended divorce decree to OPM.  RID at 5-6.   On review, the appellant reiterates that the overpayment is OPM's fault.  RPFR File, Tab 1 at 4-5.

A recipient of an overpayment is without fault if he has performed no act of commission or omission that resulted in overpayment.  5 C.F.R. § 831.1402.  The pertinent considerations in finding fault are as follows:  (1) whether payment resulted from the individual's incorrect but not necessarily fraudulent statement, which he should have known to be incorrect; (2) whether the payment resulted

from the individual's failure to disclose material facts in his possession which he should have known to be material; or (3) whether he accepted a payment which he knew or should have known to be erroneous.  5 C.F.R. § 831.1402(a); *see Fearon v. Office of Personnel Management*, 107 M.S.P.R. 122, ¶ 8 (2007), *modified on other grounds by Alexander v. Office of Personnel Management*, 114 M.S.P.R. 122, ¶ 12 (2010).

We discern no circumstances that would support the conclusion that the appellant is at fault for the overpayment debt.  As the administrative judge acknowledges, the extent of the appellant's role in creating the overpayment is the submission of the amended divorce decree to OPM.[3]  RID at 5-6.  However, the mere submission of a document is not sufficient to establish that the appellant bears responsibility for the creation of the overpayment.  The Board in *Fearon* addressed a similar situation and found that an appellant was not at fault for creating an overpayment merely because she submitted an earned income report evidencing that she had been restored to earning capacity, when there was no evidence that she made incorrect statements or omitted material facts.  107 M.S.P.R. 122, ¶¶ 9-10.  Applying similar reasoning here, there is no evidence that the appellant made incorrect statements, omitted material facts, or otherwise knew that the amended divorce decree could not modify his election of a survivor annuity.  Therefore, regarding the issue of fault, we find that it is irrelevant that the appellant submitted the amended divorce decree; it is OPM's responsibility to properly apply its governing regulations and its failure to do so is solely responsible for the creation of this overpayment.  *See Fearon*, 107 M.S.P.R. 122, ¶ 10 (finding that the appellant was not at fault for creating an overpayment when it was OPM's responsibility to determine her continued entitlement payments

---

[3] Although the appellant submitted the amended divorce decree to OPM, it appears that it was his former spouse, and not the appellant, who requested the court amend the divorce decree to eliminate the survivor annuity.  RF, Tab 5 at 63.

based upon her earned income report).  Therefore, we find that the appellant proved by substantial evidence that he was not at fault for the overpayment debt.

Recovery of the overpayment debt would be unconscionable.

Because the administrative judge found that the appellant was not without fault for the creation of the overpayment, he did not consider whether recovery would be against equity and good conscience.  RID at 5-6; *see* 5 U.S.C. § 8346(b) (setting forth the standard for establishing an entitlement to a waiver of overpayment).  Recovery is against equity and good conscience when (1) it would cause financial hardship to the person from whom it is sought; (2) the recipient of the overpayment can show (regardless of his financial circumstances), that due to the notice of such payment or because of the incorrect payment, he relinquished a valuable right or changed positions for the worse; or (3) recovery would be unconscionable under the circumstances.  *Tabakman v. Office of Personnel Management*, 2024 MSPB 9, ¶ 12; *see* 5 C.F.R. § 831.1403.

We find that recovery would be unconscionable under the circumstances of this case.  Under exceptional circumstances, gross or egregious errors or delays by OPM may lead to a finding that it is inequitable to recover an overpayment. *Tabakman*, 2024 MSPB 9, ¶ 15.  Granting a waiver under these circumstances requires a determination that OPM's handling of a case was so offensive—so monstrously harsh and shocking to the conscience—that one's sense of equity forbids recovery.  *Id.*  The Board considers all relevant factors using a totality-of-the-circumstances approach in order to determine whether recovery of an annuity overpayment is unconscionable in a given case.  *Id.* (citation and quotations omitted).  Those circumstances may include, but are not limited to, cases in which:  (1) there has been an exceptionally lengthy delay by OPM in adjusting an annuity; (2) OPM failed to respond within a reasonable length of time to an annuitant's inquiries regarding an overpayment; (3) OPM failed to act expeditiously to adjust an annuity in the face of specific notice; or (4) OPM was

otherwise grossly negligent in handling the case. *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 22 (2011).

We find that OPM was grossly negligent in handling the appellant's case when it accepted the 2015 amended divorce decree. The issue presented to OPM by the amended divorce decree was not a difficult or nuanced issue. Per OPM's own interpretation of its governing regulations, a subsequent state court order purporting to modify the original division of marital property in a divorce will not quality as an acceptable court order eliminating a survivor annuity. *See* 5 C.F.R. § 838.806(a), (b); *Walley*, 114 M.S.P.R. 198, ¶ 9. The appellant's amended divorce decree, which was issued 20 years after his retirement, clearly states that it is modifying a previous order regarding the distribution of marital assets. RF, Tab 5 at 59, 150. Accordingly, OPM should have promptly advised the appellant that the order was a modification prohibited by law. Instead, OPM "honored" the amended divorce decree for over 3 1/2 years. *Id.* at 20. Then, when OPM finally acknowledged that it had made an error, it proceeded to issue several confusing reconsideration decisions, altering its position regarding the status and amount of the overpayment. *Id.* at 9-11, 20-21; IAF, Tab 13 at 5-6.

Further, OPM's gross negligence has resulted in significant consequences for the appellant. The appellant made monthly payments of $258.00 to his former wife directly in lieu of having OPM reduce his annuity to provide for the survivor annuity benefit. RF, Tab 5 at 18-19, 76-91; RPFR File, Tab 1 at 4-6. Therefore, although the appellant should not have received the additional $12,736.00 in annuity benefits, under the circumstances of this case, the appellant will have lost, at least, an additional $11,610 from making payments directly to his former wife.[4] Had OPM rejected the amended divorce decree as it should have, the appellant could have sought to have the court order corrected, made other

---

[4] This is an approximation of the total amount the appellant paid to his former wife for the survivor annuity benefit, i.e., $258.00 multiplied by 45 months, which is the total number of months the appellant asserts he made payments. RF File, Tab 5 at 19.

arrangements with his former wife, or otherwise resolved the issue. Now, however, the appellant has no avenue to recoup the payments he made to his former wife, especially given that she resides in a different country and he has no way to contact her. RPFR File, Tab 1 at 4-6.

In conclusion, because OPM egregiously misapplied its governing regulations, the appellant will suffer a monetary loss well beyond the amount of the overpayment. Accordingly, in light of the described circumstances, we find that recovery would be against equity and good conscience. Thus, the appellant has established that he is entitled to a waiver of the collection of overpayment.

## ORDER

We ORDER OPM to waive the collection of overpayment of the appellant's retirement annuity in the amount of $12,736.00. OPM must complete this action no later than 20 days after the date of this decision.

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you _only_ if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must _receive_ your petition for review within **60 days** of the _date of issuance_ of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         _____
                                       Gina K. Grippando
                                       Clerk of the Board
Washington, D.C.